isting lease terminated, with all its terms fully complied with. In other words, there was to be no acceptance of the fruit of Ward Company's services as broker until the performance of several conditions precedent, which performance could not possibly occur before September 1, 1910.

It follows from this that plaintiff below had no cause of action presently enforceable until September 1, 1910, and we so held on the previous writ. This action was brought within six years from that date, viz. the earliest date when "the plaintiff first became entitled to maintain [this] particular action." The statute began to run when plaintiff became entitled to sue. Cary v. Koerner, 200 N. Y. at page 259, 93 N. E. 979. The act (sections 380 and 382, Code Civ. Proc.) is not a bar because the "cause of action accrued" within six years of summons served.

[2, 3] 2. Since plaintiff below sued, not upon an agreement to pay a specified sum of money, but for whatever the jury thought the services were worth up to $5,550, the expression "compromise verdict" must be taken as meaning "that it was the result, not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision." Simmons v. Fish, 210 Mass. at page 572, 97 N. E. 106, Ann. Cas. 1912D, 588. While we perceive no reason for imputing such impropriety to the jurors, we need consider the matter no further, because it rests upon no exception taken at the trial. There was a "failure to apprise the trial judge of the point now raised." Springer, etc., Co. v. Falk, 59 Fed. at page 712, 8 C. C. A. 224.

[4, 5] 3. It is also true that no exception was taken to the ruling of the court which in effect ordered interest on the verdict. Therefore we cannot review it, although, since the damages were plainly unliquidated, the instruction was error. Stephens v. Phœnix Bridge Co., 139 Fed. 248, 71 C. C. A. 374, and cases cited; also Excelsior, etc., Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493.

The judgment is affirmed, with costs.

---

JAFFE et al. v. PYLE et al.

In re STEELE, MILLER & CO.

(Circuit Court of Appeals, Fifth Circuit. April 26, 1917.)

No. 2955.

BANKRUPTCY ⊗═292—ACTIONS AGAINST TRUSTEE—JURISDICTION.

A trustee in bankruptcy brought ancillary proceedings in the Eastern district of Louisiana, claiming ownership of certain cotton, and obtained a preliminary injunction against its removal from the court's jurisdiction. Thereafter the cotton was delivered to certain foreign banks on forthcoming bonds. Plaintiffs sued the trustee and the parties to such ancillary proceeding to impress a trust on the cotton, on the ground that it was purchased with money obtained from them by the bankrupt by fraud, and the jurisdiction was sustained on the theory that it was in the nature of an ancillary suit affecting property within the custody of the court. *Held* that, while this had probably become the law of the

case, the court's jurisdiction could not be sustained, where the ancillary proceeding by the trustee had terminated adversely to the trustee; the bond having only been intended to take the place of the cotton, and the foreign defendants having done nothing to subject themselves personally to the court's jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 410, 413, 415, 416.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by Max Jaffe and others against J. A. E. Pyle, trustee in bankruptcy of Steele, Miller & Co., and others. From a decree dismissing the bill, complainants appeal. Affirmed.

The following is the decision of the trial judge on demurrer:

In this case the plaintiffs set out in their bill that by certain fraudulent practices the bankrupt firm of Steele, Miller & Co. got from them upwards of $68,000; that same constituted a trust fund in the hands of the said bankrupts; that subsequently, out of the trust fund, they purchased certain cotton; and that this same cotton came into the possession of this court by virtue of ancillary proceedings in the said bankruptcy. The bill prays that the cotton be impressed with a trust in their favor to the extent of their claim.

In the other proceedings in this court, referred to in plaintiffs' bill, the trustee of Steele, Miller & Co. proceeded against the identical cotton, claiming the ownership, and a preliminary injunction against the transportation company issued, preventing its removal out of the jurisdiction of this court. This proceeding was in the nature of a stoppage in transitu, enforced by injunction, and to all intents and purposes the res was in the exclusive jurisdiction of this court, through its officer, the trustee in bankruptcy. Thereafter the cotton was delivered to certain French banks on forthcoming bonds.

On plaintiffs' bill, subpoenas issued by order of the court and were served on the solicitors of record of the trustee and of the French banks, and on the transportation company and its agent, all of whom were parties in the other proceedings. Service was made on the American Surety Company, surety on the forthcoming bond, through its resident vice president. The American Surety Company has filed a demurrer to the jurisdiction of the court ratione materiæ, and all other parties defendant have filed limited appearances, and subsequently pleas to quash the services, on the ground that they are not residents of, nor represented in, the district.

Plaintiffs are seeking to impress certain property in the custody of the court with a trust, and their bill is therefore in the nature of an ancillary suit. Consequently this court has jurisdiction to hear and determine the issues with regard to the property in question, and the subpoenas issued and served upon the solicitors for other claimants to the said cotton are purely in the nature of notices, and ample, in view of the specific relief prayed for. Nor does it matter that the actual property has been removed out of the jurisdiction of the court, as the forthcoming bond stands in its place. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Murphy v. John Hofman Company, 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327.

The demurrer of the American Surety Company and the pleas of the other defendants will be overruled.

The opinion of the trial judge, dismissing the bill, is as follows:

In this matter I entertained jurisdiction originally only on the theory that if Pyle, trustee, recovered in the suit then pending, entitled Pyle, Trustee, v. Texas Transport & Terminal Co. (No. 14,240, D. C.) 192 Fed. 725, the court would have ancillary jurisdiction by virtue of constructive possession of the res. While it is probable that my decision has become the law of the case, notwithstanding, I have had occasion to change my views. See Knauth, Nachod & Kuhne v. Latham & Co. et al., 219 Fed. 721, 135 C. C. A. 419. That

litigation having terminated adversely to the trustee, the court has nothing tangible to support its ancillary jurisdiction. Complainant contends, however, that he is not concluded by the decision against the trustee, and can obtain relief against the bond and the foreign defendants if he proves his case.

With these views I cannot concur. The bond was only intended to take the place of the cotton, and the foreign defendants have done nothing to subject themselves personally to the jurisdiction of the court. The defendants have shown that they are at heavy expense to pay the continuing premium on the bond, and equity requires that the litigation be promptly terminated.

The bill will be dismissed without prejudice.

The foregoing are the papers mentioned in the præcipe filed by the complainants.

George T. Hogg, of New York City, and W. O. Hart, of New Orleans, La., for appellants.

Geo. Denegre, Victor Leovy, Henry H. Chaffe, and Geo. H. Terriberry, all of New Orleans, La., for appellees.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. We concur with the trial judge in the disposition of this case.

The decree appealed from is affirmed.

---

## In re F. & D. CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

### No. 227.

BANKRUPTCY ⟨⟩120—APPOINTMENT OF TRUSTEE—ELIGIBILITY.

Under Bankruptcy Act July 1, 1898, c. 541, § 45, 30 Stat. 557 (Comp. St. 1916, § 9629), providing that trustees may be individuals competent to perform the duties of the office, and residing or having an office in the judicial district within which they are appointed, or corporations authorized to act in such capacity, where no candidate for the office of trustee received the votes of a majority of creditors in number and amount, and the appointment of a trustee thereupon devolved upon the referee, a person otherwise qualified was not ineligible because he was one of the unsuccessful candidates voted for by the creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 185.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the F. & D. Company, bankrupt. On petition by Marshall S. Hagar to revise an order (237 Fed. 895), reversing an order of the referee appointing him as trustee. Order reversed, with directions.

Augustus H. Skillin, of New York City, for petitioner.

Bogart & Bogart, of New York City (Jacob J. Lesser, of New York City, of counsel), for respondent.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes